OPINION
{¶ 1} Defendant-Appellant, Benjamin Deuyour ("Benjamin"), appeals the July 29, 2004 judgment entry of the Common Pleas Court of Marion County, Family Division ordering him to pay child support arrearages to the Ohio Department of Job and Family Services and to plaintiff-appellee, Janet Myers, nka Crump ("Janet").
 {¶ 2} On April 29, 1994, Janet gave birth to Shelby Lynn Myers ("Shelby Lynn"). On February 1, 1996, a complaint for paternity was filed by the Marion County Child Support Enforcement Agency on behalf of Janet. The complaint was served upon Benjamin and named him as the father of Shelby Lynn. Janet and Benjamin had never been married. The Common Pleas Court of Marion County, Juvenile Division ordered all parties to submit to a DNA blood test. The results of the paternity test established a 99.46% probability of Benjamin being the biological father of Shelby Lynn.
 {¶ 3} On April 15, 1996, Janet filed a motion for summary judgment on the issue of paternity and requested temporary child support and custody of Shelby Lynn. Benjamin did not reply to the motion for summary judgment and did not submit any results of further genetic testing. Therefore, on June 7, 1996, the court made the finding that Benjamin was the natural father of Shelby Lynn, pursuant to R.C. 3111.03(A)(6), and ordered Benjamin to pay $297.81 per month for child support and reimburse the Ohio Department of Human Services for birthing expenses in the amount of $750.00.
 {¶ 4} On May 3, 2004, the Marion County Child Support Enforcement Agency filed a motion to terminate Benjamin's duty to pay child support on behalf of Shelby Lynn as a result of the change in physical custody of Shelby Lynn. The agency also requested the court to determine the amount of child support arrearages owed by Benjamin. On July 29, 2004, the court filed its judgment entry finding that Benjamin's duty to pay child support on behalf of Shelby Lynn terminated on March 3, 2003. The court also found that Benjamin owed $5,572.24 in child support arrearages and $750.00 in birthing expenses to the Ohio Department of Job and Family Services and $12,128.61 in child support arrearages to Janet and the court awarded judgments accordingly. It is from this judgment that Benjamin now appeals asserting the following assignment of error.
The court below erred in establishing arrearages allegedly due fromdefendant-appellant and by reducing the same to judgment when the recorddoes not reflect any evidentiary hearing to establish the judgmentamounts.
 {¶ 5} In his sole assignment of error, Benjamin appears to argue that the record does not reflect that a hearing was held on the motion to terminate child support and establish arrearages and that the record does not support the trial court's findings of arrearage amounts. We begin by noting that Benjamin has failed to provide an argument for his assignment of error that comports with the appellate rules. App.R. 16(A)(7) provides that an appellant should include in the brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Benjamin's "argument" for his assignment of error is a mere two sentences long and does not provide any authority upon which Benjamin relies for his assertion of error on the part of the trial court.
 {¶ 6} Nevertheless, we have elected to address the assignment of error on its merits. First, Benjamin argues that the record does not reveal that the trial court held a hearing on the motion to terminate child support and establish arrearages. Loc.R. 6.01 provides that "[a]ll motions shall contain a notice of the hearing date and time obtained from the Family Court prior to the filing with the Clerk of Courts." The Marion County Child Support Enforcement Agency did request a hearing on the motion which was scheduled for July 14, 2004. The record does not indicate that the hearing was actually held as there is no transcript of the proceeding and it does not appear on the docket sheet. Benjamin does not indicate that he appeared for the hearing either. In fact, at oral argument, Benjamin's counsel conceded that Benjamin was served with the motion and notice of hearing but did not attend the hearing as scheduled. Thus, without objections, the issues here were not preserved for appeal. Since the hearing was requested by the Marion County Child Support Enforcement Agency and not requested or attended by Benjamin, Benjamin was not deprived of his right to a hearing on the motion filed by the Marion County Child Support Enforcement Agency.
 {¶ 7} Second, Benjamin asserts in his brief that the amounts of his monthly child support payment established by the trial court and reflected in its June 7, 1996 judgment entry and subsequent notices to his income provider to withhold his income were based upon a worksheet that reflected an incorrect gross income for him. Benjamin asserts the worksheet also failed to take into consideration child support payments he was making and social security income Janet was receiving for another child the parties had together. However, Benjamin failed to take issue with the court's consideration of the information listed on the worksheet at the proceedings in 1996 when Benjamin's paternity and child support obligation were established. Benjamin raises his objections to the court's consideration of the information in the worksheet for the first time in this appeal. Since Benjamin could have raised his objections to the information relied upon by the court in an appeal of the court's June 7, 1996 judgment entry, these matters are both improperly before this court for the first time on appeal and barred by res judicata. Therefore, we cannot find error with the court considering such information for purposes of determining Benjamin's arrearages amount. Accordingly, the assignment of error is overruled.
 {¶ 8} Having found no merit with the assignment of error, the judgment of the Common Pleas Court of Marion County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.